IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50543
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JESUS ROCHA-NEGRETE,
also known as Jose DeJesus Rocha-Negrete,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-650-ALL
--------------------

February 20, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Jesus Rocha-Negrete appeals the sentence imposed following
his guilty plea conviction of being found in the United States
after deportation/removal in violation of 8 U.S.C. § 1326.  He
contends that the sentence is invalid because it exceeds the
two-year maximum term of imprisonment prescribed in 8 U.S.C.
§ 1326(a).  Rocha-Negrete complains that his sentence was
improperly enhanced pursuant to 8 U.S.C. § 1326(b).  He argues
that the sentencing provision is unconstitutional.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Alternatively, Rocha-Negrete contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses.  He argues that the prior conviction that resulted in his increased sentence was an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47.  Rocha-Negrete acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.